IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**LOWELL QUINCY GREEN,** §
§
Plaintiff, §
v. § Civil Action No. **3:19-CV-67-L**
§
**HONORABLE ALFRED H. BENNETT,** §
*et al.*, §
§
Defendants. §

## ORDER

On January 16, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered, recommending that the court summarily dismiss this action as barred by the three-strikes provision of pursuant to 28 U.S.C. § 1915(g). The magistrate judge further determined that Plaintiff does not satisfy the imminent danger exception to the "three strikes" bar applicable to prisoner lawsuits.

Plaintiff filed objections to the Report. As best as the court is able to ascertain, Plaintiff contends that his prior convictions are void and *in forma pauperis* is inapplicable. Plaintiff also moves for recusal of the magistrate judge based on the unclean hands doctrine and his contention that this suit is not barred by section 1915(g).

Having carefully reviewing the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **overrules** Plaintiff's objections (Doc. 5). Further, the court **denies** Plaintiff's motion for recusal, as his disagreement with the magistrate judge's recommendation is not a valid

basis for recusal. Accordingly, the court **dismisses without prejudice** this action pursuant to 28 U.S.C. § 1915(g). Plaintiff will not be allowed to pursue the claims asserted in this action unless he first pays the $400 filing fee.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is $505. Because Plaintiff has accumulated three strikes, he cannot file any new lawsuit or appeal, as long as he is incarcerated, without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial partial payment provision of Section 1915. Accordingly, if Plaintiff appeals, he must pay the $505 fee in full immediately. As explained, however, Plaintiff may challenge this determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.

**It is so ordered** this 21st day of May, 2019.

Sam A. Lindsay
United States District Judge